IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAC-WEST DISTRIBUTING NV LLC, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AFAB INDUSTRIAL SERVICES, INC., | : | |
| et al., | : | No. 19-3584 |
| *Defendants* | : | |

# MEMORANDUM

PRATTER, J.                                                              MARCH /0, 2022

The parties in this dispute each sell a chemical compound labeled for cleaning and cosmetic uses. They previously litigated the use of certain trademarks and trade dress in federal court and before the U.S. Patent and Trademark Office, ostensibly resolving this dispute through a 2016 settlement agreement. Now Pac-West alleges that AFAB and Everett Farr, III, as a corporate agent of AFAB,[1] infringed upon its trademarks and trade dress, breached the settlement agreement, and tortiously interfered with its current and prospective contractual relations. AFAB filed counterclaims alleging, *inter alia*, that Pac-West's trademarks should be cancelled because they have no lawful use in commerce, Pac-West abandoned them through said unlawful use, and Pac-West committed fraud in obtaining the trademarks.

After several rounds of motions to dismiss in this action and in a related action,[2] Pac-West filed a partial motion to dismiss AFAB's counterclaims. For the reasons discussed below, the Court grants Pac-West's partial motion to dismiss.

---

[1] The Court refers to the defendants collectively as "AFAB."
[2] The related case is *AFAB Indus. Servs. v. Pac-West Distrib., et al.*, No. 19-cv-0566.

1

BACKGROUND

The Court writes for the benefit of the parties, without detailed discussion of the underlying facts pertinent to this case. *See Pac-W. Distrib. v. AFAB Indus. Servs., Inc.*, No. 19-cv-3584, 2020 WL 4470447, at *1–2 (E.D. Pa. Aug. 4, 2020).

## I. Prior Litigation

AFAB brought suit in this District in 2015 against Pac-West for a variety of claims (the "Prior Litigation"). *See Farr v. Pac-West Distrib, et al.*, No. 16-cv-175. Similar to the present case, Pac-West filed a slew of counterclaims and AFAB responded with counterclaims of its own. AFAB also filed a petition in the U.S. Patent and Trademark Office to cancel various of Pac-West's registrations and filed notices of opposition to various of Pac-West's applications for other marks.

On August 23, 2016, the parties entered into a settlement agreement (the "Settlement Agreement") that, among other terms, dismissed the then-pending litigation with prejudice and resolved the petition to cancel and notices of opposition in the U.S. Patent and Trademark Office.

## II. This Action

Subsequently, Pac-West brought this action against AFAB and Mr. Farr in August 2019. Pac-West claims that AFAB has "purposefully advertised, promoted, offered for sale, sold, distributed and continue[s] to advertise, promote, offer for sale, sell and distribute" products that infringe on Pac-West's IRON HORSE, RUSH ORIGINAL, and GOLD RUSH trademarks, as well as various trade dresses associated with its products bearing the IRON HORSE, RUSH ORIGINAL, GOLD RUSH, SUPER RUSH, RUSH, and NEVER FAKE IT! trademarks. Doc. No. 11, Am. Compl. ¶ 34. Pac-West alleges that AFAB's products mimic the color combinations, images, text, the "clutter free overall layout", and bottle shapes used for various Pac-West products. *Id.* ¶ 39. Pac-West asserts that AFAB made these changes to its product labels and

2

packaging after the parties entered into the Settlement Agreement. In addition, Pac-West alleges that AFAB breached the Settlement Agreement by failing to identify its address and corporate name on the packaging of products bearing the RUSH, PWD, SUPER RUSH, POWER-PAK PELLET, and NEVER FAKE IT! Trademarks, and that AFAB undercut its agreements with third-party retailers by selling its unlabeled products to them "at lower prices" as a means to aid, abet, and encourage the retailers to sell counterfeit Pac-West products. *Id.* ¶ 140.

AFAB, in turn, asserted counterclaims for breach of contract, unfair competition, tortious interference with contractual relations, unlawful use, abandonment, and fraud.[3] Pac-West then filed a counterclaim-in-reply to AFAB's counterclaims, alleging that AFAB's counterclaims constitute a breach of the Settlement Agreement's Covenant Not to Sue.

Pac-West now moves to partially dismiss AFAB's counterclaims. AFAB did not respond to this motion and instead filed Amended Counterclaims, adding five additional counterclaims. Doc. No. 68. The Amended Counterclaims do not add factual matter relevant to the resolution of the pending motion to dismiss the counterclaims.

## LEGAL STANDARD

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). The Court

---

[3] The breach of contract, unfair competition, and tortious interference counterclaims appear to mirror AFAB's claims in the related lawsuit in which AFAB is the plaintiff. *AFAB Indus. Servs. v. Pac-West Distrib., et al.*, No. 19-cv-0566.

must also accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).

## DISCUSSION

In its partial motion to dismiss, Pac-West argues that certain of AFAB's counterclaims fail to state a claim because res judicata precludes claims that the parties resolved through the Settlement Agreement. AFAB did not oppose this motion, instead filing amended counterclaims.

### I. Effect of Amended Counterclaims on Pending Motion to Dismiss

Both AFAB and Pac-West argue that AFAB's filing of amended counterclaims does not moot Pac-West's pending motion regarding AFAB's original counterclaims. Pac-West argues that the moving party is "not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.'" *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) (internal quotation omitted). If claims in the "amended complaint suffer from the same deficiencies that are addressed in [the] motion to dismiss, the court will allow the motion to dismiss these counts to be considered as addressing the amended complaint." *Id.*; *see also Webb v. Volvo*

4

*Cars of N.A., LLC*, No. 13-cv-2394, 2015 WL 3444237, at *2 (E.D. Pa. May 29, 2015) (Defendant "was not required to file a redundant motion to dismiss . . . after Plaintiff filed a second amended complaint that did not contain any new allegations pertaining to this issue.").

Here, the amended counterclaims include all of the original counterclaims, adding only new counts that are not at issue in the pending partial motion to dismiss. *Compare* Doc. No. 61 ¶¶ 22–43 at 20–28, *with* Doc. No. 68 ¶¶ 76–96. Therefore, the original counterclaims, which are included in the amended counterclaims, suffer from the same defects as the original counterclaims.[4] Given the already-extensive briefing and AFAB's lack of opposition to proceeding with the motion to dismiss, the Court will evaluate the motion to dismiss as it relates to the original counterclaims contained within the amended counterclaims. For ease of reference, the Court will refer to the counterclaims at issue as the "Amended Counterclaims."

## II. Pac-West's Motion to Dismiss

Pac-West moves to partially dismiss AFAB's Amended Counterclaims for unlawful use, fraud, and abandonment based on the following subset of trademarks: RUSH, PWD, SUPER RUSH, POWER-PAK PELLET, and NEVER FAKE IT!.[5] Doc. No. 64-1, at 11. Pac-West argues that the unlawful use, fraud, and abandonment counterclaims based on these trademarks are precluded by res judicata (also known as claim preclusion) because AFAB released these claims in the Settlement Agreement.[6] As noted, AFAB does not oppose the motion.

---

[4] The Court notes that the Amended Counterclaims were filed without leave of the Court under Rule 15. Pac-West does not press this issue and instead asks the Court to evaluate the Amended Counterclaims under its already-pending motion to dismiss.

[5] Pac-West clarifies that it does not move to dismiss any counterclaims based on the remaining trademarks: GOLD RUSH, RUSH ORIGINAL, and IRON HORSE. Doc. No. 64-1, at 1 n.1. The Court notes, however, that "RUSH ORIGINAL" does not appear in either the original counterclaims or Amended Counterclaims anyways. *See* Doc. No. 68.

[6] The Court will take judicial notice of the pleadings in the Prior Litigation and the Settlement Agreement. *Toscano*, 288 F. App'x at 38.

"The purpose of claim preclusion is to avoid piecemeal litigation of claims arising from the same events." *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999). "[F]ederal claim preclusion requires (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *In re Healthcare Real Est. Partners, LLC*, 941 F.3d 64, 72 (3d Cir. 2019) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).

A. Final Judgment

"A judgment entered with prejudice pursuant to a settlement is a final judgment on the merits for the purposes of res judicata." *Ecore Int'l, Inc. v. Downey*, 343 F. Supp. 3d 459, 508 (E.D. Pa. 2018) (quoting *Guiles v. Metro. Life Ins. Co.*, No. 00-cv-5029, 2001 WL 1454041, at *1 (E.D. Pa. Nov. 13, 2001)). Courts "apply res judicata and claim preclusion as a consequence of settlement agreements because by doing so we encourage settlements and serve the important policy interest of judicial economy by permitting parties to enter into comprehensive settlements that prevent relitigation of settled questions at the core of" a dispute. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 281 (3d Cir. 2014) (internal quotation marks omitted).

Pac-West argues that the Settlement Agreement constitutes a final judgment for purposes of claim preclusion because "the prior [Trademark Trial and Appeal Board] proceedings were dismissed *with prejudice* by order of the TTAB." Doc. No. 64-1, at 2 (emphasis in original). However, as the Third Circuit Court of Appeals has recently explained, dismissal of TTAB proceedings does not automatically carry "claim preclusive effect" over federal district court litigation because the TTAB has limited jurisdiction over specific claims and remedies. *Beasley v. Howard*, 14 F.4th 226, 234 (3d Cir. 2021).[7]

---

[7] In *Beasley*, the Court of Appeals ruled that TTAB proceedings "do not carry claim preclusive effect against subsequent Article III infringement proceedings under section 43(a)" of the Lanham Act. *Beasley*,

6

Despite Pac-West's focus on the TTAB proceedings throughout its motion to dismiss, the Prior Litigation in federal court was also dismissed with prejudice in 2016 based on the Settlement Agreement. *See Farr v. Pac-West Distrib, et al.*, No. 16-cv-175, Doc. No. 40 (July 1, 2016). The Settlement Agreement resolves all "allegations, claims, counterclaims, answers, and defenses raised or made by the Parties" in the Prior Litigation. Doc. No. 64-5 ¶¶ 1.1, 5.1. Based on the dismissal of the Prior Litigation with prejudice, the Court finds that the Settlement Agreement constitutes a final judgment for purposes of res judicata.

B. Same Parties

AFAB, Mr. Farr and Pac-West were all parties to the Prior Litigation and signed the Settlement Agreement. Doc. No. 64-5, at 6. The same parties are involved in the present Amended Counterclaims, *see* Doc. No. 68, so the second element is also satisfied.

C. Same Cause of Action

Lastly, courts "take a 'broad view' of what constitutes the same cause of action." *Blunt*, 767 F.3d at 277 (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010)). The Court should consider the "*essential similarity* of the underlying events giving rise to the various legal claims." *Id.* (emphasis in original). "It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions." *Id.* Additionally, "[t]he express

---

14 F.4th at 231. The Court of Appeals did not address other types of federal litigation that may arise besides Section 43(a), 15 U.S.C. § 1125(a), claims. Here, AFAB asserts the unlawful use counterclaim pursuant to the Trademark Act, Doc. No. 68 ¶ 82; the abandonment counterclaim pursuant to Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3), *id.* ¶ 85; and ostensibly brings the fraud counterclaim as a common law claim (the specific count does not specify), *id.* ¶¶ 90–96. The Court need not analyze whether the TTAB had jurisdiction over each of these claims for purposes of claim preclusion because, unlike in *Beasley*, prior federal litigation provides a separate basis for claim preclusion.

The Court also notes that the Court of Appeals issued the *Beasley* opinion on September 17, 2021, which was shortly after Pac-West filed its motion to dismiss (August 30, 2021), but before oral argument on the motion was held (October 12, 2021). Neither party notified the Court of this development in the case law or addressed this issue at oral argument.

7

terms of a settlement agreement . . . determine the bounds of preclusion after a settlement." *Toscano*, 288 F. App'x at 38.

Here, AFAB's Amended Counterclaims for no lawful use in commerce, abandonment, and fraud concerning these trademarks are nearly identical to its counterclaims in the Prior Litigation. *Compare* Case No. 16-cv-175, Doc. No. 32, at 19–22 (May 23, 2016), *with* Doc. No. 68 ¶¶ 76–96. In both sets of counterclaims, AFAB alleged that Pac-West uses the trademarks for unlawful purposes because their products "contain banned chemical solvents which products are designed to or may be inhaled or otherwise introduced to the human body" (no lawful use in commerce); that "Pac-West is not currently making lawful use of the Pac-West Registrations" and so "has abandoned use of each of Pac-West's Registrations" (abandonment); and that Pac-West made "affirmative misrepresentations to the U.S. Patent and Trademark Office ('USPTO') that the marks of Pac-West's Registrations were being used in connection with the respective goods actually listed in the Registrations, and that such use of each mark was, in fact, lawful" (fraud). Case No. 16-cv-175, Doc. No. 32, at 20–22; Doc. No. 68 ¶¶ 80, 85–86, 91.

The Court also considers whether the causes of action are the same in terms of the underlying trademarks. The trademarks at issue in the Prior Litigation's counterclaims included PWD, RUSH, and POWER PAK PELLET. Case No. 16-0175, Doc. No. 32, at 16 ¶ 8. Therefore, it is clear that the Amended Counterclaims in this litigation raise the same causes of action with respect to these three marks.

However, the counterclaims in the Prior Litigation did not raise the NEVER FAKE IT! or SUPER RUSH trademarks. *Id.* AFAB had filed notices of opposition to Pac-West's applications for these trademarks before the U.S. Patent and Trademark Office in 2015. *Pac-West Distrib.*, 2020 WL 4470447, at *1. Pac-West argues that the Amended Counterclaims based on trademarks

8

addressed in the Settlement Agreement should also be precluded, even if they were not explicitly raised as a cause of action in the underlying proceedings. Doc. No. 64-1, at 22, 24. The Settlement Agreement expressly resolves claims involving the NEVER FAKE IT! and SUPER RUSH trademarks. Doc. No. 64-5 ¶ 2.2. Further, AFAB's counterclaims in the Prior Litigation and AFAB's Amended Counterclaims in this litigation do not distinguish among the different trademarks for any of the causes of action (*e.g.*, alleging different forms of unlawful use for different trademarks).

Because "[t]he express terms of a settlement agreement . . . determine the bounds of preclusion after a settlement," *Toscano*, 288 F. App'x at 38, the Court finds that the counterclaims based on the NEVER FAKE IT! and SUPER RUSH trademarks also present the same cause of action for purposes of res judicata. Therefore, the following Amended Counterclaims meet the elements of res judicata: no lawful use in commerce, abandonment, and fraud, based on the RUSH, PWD, SUPER RUSH, POWER-PAK PELLET, and NEVER FAKE IT! trademarks. The Court grants Pac-West's motion to partially dismiss these portions of the Amended Counterclaims.

D. Dismissal with Prejudice

Given the partial dismissal, the Court considers whether the dismissal should be with or without prejudice. "[T]he grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.* 114 F.3d 1410, 1434 (3d Cir. 1997)). The Court finds that leave to amend the Amended Counterclaims would be futile because the claims at issue are barred by res judicata. No amendment could cure this deficiency. Therefore, the partial dismissal of the Amended Counterclaims will be with prejudice.

9

CONCLUSION

For the foregoing reasons, the Court grants Pac-West's motion for partial dismissal of AFAB's Amended Counterclaims with prejudice. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE