IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAC-WEST DISTRIBUTING NV LLC,** | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **AFAB INDUSTRIAL SERVICES, INC.,** | : | |
| et al., | : | No. 19-3584 |
| *Defendants* | : | |

# MEMORANDUM

PRATTER, J.  MARCH 30, 2022

The Court granted in part and denied in part AFAB's motion for summary judgment in this trademark and trade dress infringement case. AFAB and Pac-West then each filed a motion for reconsideration, asking the Court to reexamine portions of its opinion regarding whether the settlement agreement resolving prior litigation between these two parties precludes certain of Pac-West's claims in this litigation. For the reasons that follow, the Court denies both motions.

## BACKGROUND

Pac-West and AFAB resolved a prior dispute in 2016 through a settlement agreement ("Settlement Agreement"). Now, Pac-West alleges that AFAB and Everett Farr, III, as a corporate agent of AFAB, infringed upon its trademarks and trade dress, breached the Settlement Agreement, and tortiously interfered with its current and prospective contractual relations. Pac-West asserted claims based on a panoply of its marks, including IRON HORSE, RUSH ORIGINAL, and GOLD RUSH, as well as trade dress associated with its products bearing the IRON HORSE, RUSH ORIGINAL, GOLD RUSH, SUPER RUSH, RUSH, NEVER FAKE IT!, POWER-PAK PELLET, and PWD marks.

1

As relevant here, AFAB moved for summary judgment, arguing that certain of Pac-West's claims are precluded by the 2016 Settlement Agreement because they were raised in the Prior Litigation and AFAB's use of the marks has not changed since. The Court granted AFAB summary judgment on Pac-West's trade dress claims related to the RUSH, SUPER RUSH, and NEVER FAKE IT! marks, and denied summary judgment on the claims related to the PWD and POWER-PAK PELLET marks. AFAB and Pac-West both now move for reconsideration of the denial and grant of summary judgment, respectively.

## LEGAL STANDARD

"A motion for reconsideration requires the movant to show (1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2021). "[M]otions for reconsideration are not a vehicle to argue facts or issues that were not raised." *Id*. at 191.

## I. AFAB Raises New Issues

AFAB argues that the Court should reconsider its opinion on two issues. First, AFAB argues that the Court "overlooked undisputed evidence" about whether the Settlement Agreement resolved claims involving the PWD and Power-Pak Pellet trade dress in the Prior Litigation. Doc. No. 93, at 5. Second, AFAB claims that the Court "misinterprets the undisputed evidence" about the RUSH ORIGINAL trade dress. *Id*. at 5–6.

### A. PWD and POWER-PAK PELLET

The Court did not "overlook" evidence about the trade dress for the PWD and POWER-PAK PELLET marks. As the Court noted in its summary judgment opinion, AFAB did "not explain how the RUSH photographs demonstrate that it did not change the trade dress related to

2

the 'PWD' and 'POWER PARK PELLET' marks." Doc. No. 90, at 14 (citing Doc. No. 66, at 24). In an attempt to remedy this omission, AFAB now asserts new arguments in its motion for reconsideration. Rather than pointing the Court to previous, overlooked evidence, AFAB introduces arguments based on new photos from the Prior Litigation.

In its summary judgment briefing, AFAB used the following picture to argue that "The photos show identical and consistent use of [Pac-West's] purported RUSH, PWD, POWER PAK PELLET, and NEVER FAKE IT! marks. The photos <u>also</u> show the <u>same</u> use of [Pac-West's] claimed 'yellow and red' color scheme, [and] the use of the diagonally running lightning bolt." Doc. No. 66, at 24 (emphasis in original).



Doc. No. 66, at 24.

These photographs do not establish consistent use of "PWD" or "POWER-PAK PELLET." And AFAB did not cite any other evidence to support its assertion that, "The photos show identical and consistent use of Plaintiff's purported RUSH, PWD, POWER PAK PELLET, and NEVER FAKE IT! marks." *Id.*

Now, AFAB raises new arguments based on (1) a picture that included part of the phrase "POWER-PAK PELLET" in another part of Mr. Farr's declaration and (2) pictures of PWD caps from the Prior Litigation. AFAB does not refer the Court back to its summary judgment briefing

to support its current stance that Pac-West's PWD and Power-Pak Pellet claims are barred by claim preclusion and that the Court missed this evidence. The only portion of AFAB's summary judgment briefing that appears *at all* in AFAB's motion for reconsideration is a photo of RUSH bottles that includes a cut-off portion of "-PAK PELLET." Doc. No. 93, at 4 (citing Doc. No. 66-3 ¶ 13). But even this portion of AFAB's summary judgment briefing (which is a paragraph from Mr. Farr's declaration) makes no reference to PWD or POWER-PAK PELLET:



Doc. No. 66-3 ¶ 13.

No matter how one squints at the second photograph in this group of four photos (cited for an entirely different purpose), AFAB still fails to support its argument that its use of POWER-PAK PELLET has not changed since the Settlement Agreement.

Second, AFAB includes photographs of "PWD" caps from pleadings in the Prior Litigation to argue that its use of the PWD mark has not changed since the Prior Litigation and, as such, Pac-West's claims based on AFAB's use of the PWD marks should be precluded. But these photographs also raise new issues that are improper for a motion for reconsideration. The only picture possibly relevant to "explain[ing] how the RUSH photographs demonstrate that it did not

4

change the trade dress related to the "PWD" and "POWER PARK PELLET" marks," Doc. No. 90, at 14, is a picture comparing PWD caps that AFAB did not previously present at the summary judgment stage. *See* Doc. No. 93, at 2 (citing Case No. 16-175, Doc. No. 31, at 26–27 ¶ 78). Indeed, there are no pictures showing the top of caps with "PWD" on them in AFAB's summary judgment filings in this case. *See* Doc. Nos. 66, 66-1, 66-2, 66-3. Therefore, the Court denies AFAB's request for the Court to reconsider its denial of summary judgment as to the PWD and POWER-PAK PELLET claims based on AFAB's new arguments.

## B. RUSH ORIGINAL

Additionally, AFAB argues that the Court misinterpreted AFAB's use of a photograph from the Prior Litigation related to the RUSH ORIGINAL mark. In its summary judgment opinion, the Court explained:

> AFAB argues that, although '[n]o specific written word allegations about the RUSH ORIGINAL Trademark were made,' Doc. No. 66, at 8, one paragraph from the counterclaims in the Prior Action included a photograph of a RUSH ORIGINAL bottle, *id.* at 7 (citing Case No. 16- 175, Doc. No. 31 ¶ 78). However, this argument takes the single photograph out of context. The prior counterclaim presented photographs of pairs of bottles and alleged that 'the Infringing Products are on the right.' Case No. 16-cv-175, Doc. No. 31 ¶ 78. The bottle pictured on the right side of the photograph presented by AFAB here did not include the word 'ORIGINAL' under 'RUSH.' *Id.* Rather, the cropped photograph on which AFAB now relies shows the *left* bottle. *Id.* In other words, the bottle 'at issue' in the Prior Counterclaims was the bottle on the right, not the bottle AFAB now crops from the left side of the photograph. Therefore, this single photograph of a RUSH ORIGINAL bottle does not establish that the RUSH ORIGINAL trademark was at issue in the Prior Litigation.

Doc. No. 90, at 8–9.

AFAB argues that the Court misinterpreted this photograph, but it does not dispute that the excerpted bottle was the left one in the original photograph and that the bottle at issue was on the right side of the photograph. Instead, AFAB argues that the photograph shows that a RUSH ORIGINAL mark "appeared" in the Prior Litigation, regardless of whether it was the subject of

5

dispute. Doc. No. 93, at 7. Under this reasoning, AFAB argues, "whether or not the specific phrase 'RUSH ORIGINAL' appeared in the Settlement Agreement is irrelevant" because the parties were aware of claims that could have been raised in the Prior Litigation. Doc. No. 93, at 7.

AFAB misses the point. It does not matter whether, as AFAB argues, the RUSH ORIGINAL mark "appeared in the Prior Litigation" if it appeared only in the context of Pac-West's own use of the "RUSH ORIGINAL" mark. Doc. No. 93, at 7. Claim preclusion concerns what the dispute was about and what Pac-West thought AFAB was doing at the time of the Prior Litigation. Pac-West's inclusion of its *own* product picture including "RUSH ORIGINAL" on the left side to compare with AFAB's "infringing" bottle—which says only "RUSH"—does not establish that Pac-West could have raised claims based on *AFAB* using the "RUSH ORIGINAL" trademark in the Prior Litigation. The fact that the "infringing" AFAB product on the right side did not include "RUSH ORIGINAL" is significant because it actually suggests the opposite of what AFAB argues now. If Pac-West thought AFAB was using "RUSH ORIGINAL" at the time, it would have included a picture of this use to show even greater similarity between the left and right photographs for the allegation of infringement. Case No. 16-175, Doc. No. 31, at 26 ¶ 78. The Court did not misinterpret this evidence.

AFAB also cites a new portion of the Prior Litigation counterclaims to advance this argument, which again raises new issues that are improper for a motion for reconsideration. In any event, the newly cited portion (paragraph 17 of Pac-West's Second Amended Counterclaim, *see* Case No. 16-175, Doc. No. 31, at 15 ¶ 17) does not help AFAB either. AFAB presumably interprets the fuzzy line under the fifth bottle from the left in the line-up as saying "ORIGINAL":

6

> 17. The trade dress for products sold with the phrase NEVER FAKE IT! is distinctive and consistently appears on packaging with other Marks as follows:



Case No. 16-175, Doc. No. 31, at 15 ¶ 17.

But the paragraph appears in Pac-West's description of its *own* use of the marks and the corresponding text does not even mention "RUSH ORIGINAL." This does not establish that the Prior Litigation resolved, or should have resolved (or even *may* have resolved), AFAB's use of the RUSH ORIGINAL mark.

Therefore, the Court denies AFAB's motion for reconsideration. The Court also denies AFAB's request to delay the final pretrial conference.

## II. Pac-West's Introduces New Evidence Without Justification

Pac-West also filed a motion for reconsideration of the same summary judgment decision. Pac-West asks the Court to reconsider its partial grant of summary judgment on the RUSH, SUPER RUSH, and NEVER FAKE IT! marks based on a new declaration by Mr. Taylor. In this new declaration, Mr. Taylor states that he went shopping on March 19, 2022—over a week after the summary judgment decision and long after the discovery deadline—and while shopping allegedly discovered that AFAB bottles now include a "Captain RUSH" superhero image and "PPP" label. Doc. No. 94-2 ¶ 6. Pac-West alleges that this demonstrates new infringement of the RUSH trademarks such that the 2016 Settlement Agreement should not preclude their claims related to the RUSH, SUPER RUSH, and NEVER FAKE IT! marks. Pac-West argues that this is new evidence justifying reconsideration.

"'New evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). "Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.*

Pac-West and Mr. Taylor provide no reason why they waited until after the summary judgment opinion to shop for supporting evidence. The Court's summary judgment opinion explained that "Pac-West fails to rebut AFAB's evidence that it did not change its trade dress after the Settlement Agreement" and "Pac-West has not provided *any evidence* of a 'different combination' of infringing acts." Doc. No. 90, at 12 (emphasis in original). Mr. Taylor now seems to raise a new combination of infringing acts to assert that "March 19, 2022 is the first time I have seen Captain RUSH or the combination of Captain RUSH, the PPP and PWD stylized marks, and a red cap on bottles bearing the I.C.E. bottles from Bensalem, Pennsylvania." Doc. No. 94-2 ¶ 8.

If, as Mr. Taylor implies, AFAB has changed its labeling recently, Pac-West and Mr. Taylor provide no argument as to why they just happened to notice this change after receiving an adverse summary judgment ruling. Rather, they attempt to "submit the very evidence [this] Court had found they had failed to present in their summary judgment motion." *Howard Hess Dental Lab'ys Inc.*, 602 F.3d at 251–52. A motion for reconsideration is not a do-over where a party can correct previous failures to obtain and offer supporting evidence. *Id.*

Further, Pac-West does not address the fact that these new allegations effectively seek to amend their complaint. The current operative complaint nowhere mentions the "Captain RUSH" superhero image. *See* Doc. No. 11. A plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Bell v. City of Phila.*, 275 F. App'x

8

157, 160 (3d Cir. 2008) (quoting *Shanahan v. City of Chi.*, 82 F.3d 776, 781 (7th Cir. 1996)); *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Therefore, the Court denies Pac-West's motion for reconsideration based on "new" evidence.

## CONCLUSION

After years of litigation, the parties should consider whether it is truly in their interest for new controversies to pop up every time one of their assorted cases sputters to some progress. For the foregoing reasons, the Court denies AFAB and Pac-West's motions for reconsideration. An appropriate order follows.

BY THE COURT:

_____

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE