IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAC-WEST DISTRIBUTING NV LLC,<br>*Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AFAB INDUSTRIAL SERVICES, INC.,<br>et al.,<br>*Defendants* | : | No. 19-3584 |

## MEMORANDUM

PRATTER, J.                                                                              JUNE *12*, 2023

Just as nature abhors a vacuum, the Federal Rules of Civil Procedure and principles of responsible case management abhor last-minute surprises and unnecessary do-overs. The discovery rules and the Court's published policies and procedures are designed to ensure that civil litigants have all the information they need by an agreed upon point in the life of a case so that they may prepare their arguments and evidence for trial in a smooth and cost-effective manner. So great is this commitment to transparency and cooperation that, where a party fails to identify a witness until the eve of trial without justification, the Rules preclude that party from using that witness. That is the case here, where AFAB Industrial Services, Inc., and Everett Farr, III[1] disclosed three witnesses for the first time after the close of discovery. Because these witnesses were neither disclosed nor otherwise made known during discovery, and because allowing their testimony at this late stage would delay trial and work significant prejudice to Pac-West Distributing NV LLC, the Court grants Pac-West's motion to exclude these witnesses from trial.

---

[1] The Court refers to AFAB Industrial Services, Inc., and Everett Farr, III collectively as "AFAB."

## BACKGROUND

The Court writes for the benefit of the parties and assumes basic familiarity with the facts of this case. *See Pac-W. Distrib. NV LLC v. AFAB Indus. Servs., Inc.*, No. 19-cv-3584, 2020 WL 4470447, at *1–*2 (E.D. Pa. Aug. 4, 2020).

### I.  Prior Litigation and Settlement

AFAB previously sued Pac-West in 2016 for common law defamation, tortious interference with prospective business relations, and unfair competition. *See Farr v. Pac-West Distrib. NV LLC. et al.*, No. 16-cv-175.   Pac-West counterclaimed for defamation, false advertisement, trade dress infringement, false designation of origin, and common law unfair competition.  That litigation ended in a settlement agreement in August 2016.

### II.  This Case

Three years after the parties' settlement, Pac-West filed this action against AFAB in August 2019, alleging trademark and trade dress infringement, as well as breach of the 2016 settlement.  In its initial disclosures and interrogatory responses, and throughout discovery, AFAB identified a single trial witness: Everett Farr.

Mr. Farr's was the only name disclosed by AFAB for almost three years, until April of 2022 when, just days before a final pretrial conference was to be held, AFAB identified three new witnesses for the first time: Lee Negri, Amy Mills, and Richard Harris.  Then, in January 2023, just a few days before a rescheduled second final pretrial conference was set to be held, AFAB disclosed 23 topics—many of them new—that these newly identified witnesses would testify as to.

Pac-West moved to exclude these witnesses on the grounds that they had not been disclosed in AFAB's initial disclosures and that allowing the witnesses to testify would prejudice Pac-West

by requiring them to re-open discovery, including attendant expenses, and seek new testimony from witnesses who had already been subpoenaed and deposed.

LEGAL STANDARD

## I.       Rule 26

A party's initial disclosures "must" include "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).  In addition, a party has an ongoing duty to "supplement or correct its disclosure[s]" when it "learns that in some material respect the disclosure or response is incomplete or incorrect" unless that information has "otherwise been made known . . . during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).

"A majority of courts, the leading treatises, and the Advisory Committee Note to Rule 26 agree that an individual's existence or knowledge can 'otherwise be made known,' and thus be sufficiently disclosed for Rule 26 purposes, through deposition testimony" or other discovery. *Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-cv-3770, 2010 WL 1849913, at *3 (D.N.J. May 7, 2010) (collecting references).  But to obviate the need for formal disclosure, this information must be "clear and unambiguous," and not merely the "mention of an individual's identity."  *Id.* at *4. Specifically, "[r]eference to a witness in discovery documents, interrogatories, or depositions or even knowledge that someone has relevant information is insufficient to provide notice that the person might be called as a witness by the opposing party."  *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 15-cv-274, 2017 WL 3309699, at *3 (M.D.N.C. Aug. 2, 2017).

Rather, for a witness to "otherwise be made known," it must be quite clear to the other side that the witness exists, has relevant knowledge, and may be called at trial.  Rational evaluation of

3

real life circumstances can and does enter the picture. For example, in *Toy v. Pickens*, a plaintiff in a personal injury case failed to disclose his treating physician as an expert witness in his initial disclosures. No. 12-cv-5379, 2013 WL 12331535, at *2 n.1 (E.D. Pa. Aug. 27, 2013). But the plaintiff *did* provide the physician's report and stated his intention to use medical records from the physician at trial. *Id.* Moreover, the defendants also made use of the physician's report and even subpoenaed the physician personally, listing him as a defense witness. *Id.* Based on all of this, the court explained that it was "facially implausible" to suggest that the defendants were not on notice that the physician would be called as a trial witness. *Id.*

*McCowan v. City of Philadelphia* provides another illustrative example. In this employment discrimination case, the plaintiffs sought to exclude four defense witnesses who had not been included in the defendant's initial disclosures. *See* 603 F. Supp. 3d 171, 186 (E.D. Pa. 2022). The court held, however, that these four witnesses had all been sufficiently made known because each had been "identified and discussed throughout discovery, such that Plaintiffs should have known" that these witnesses had relevant information. *Id.* at 187. Notably, while the defendant in *McCowan* did not list the witnesses at issue in its initial disclosures, the plaintiffs themselves did, along with summaries detailing the specific information the witnesses had. *See* No. 19-cv-3326, Doc. No. 212, Ex. A, ¶¶ 37, 46-48. Under such circumstances it would have been disingenuous to preclude the use of the witnesses.

## II.     Rule 37

If a party fails to disclose evidence or a witness as required by Rule 26, then under Rule 37, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The decision

to exclude evidence is at the Court's discretion, but the Third Circuit has identified four relevant factors:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pa. State. Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

### III.    The Court's Policies, Procedures, and Orders

In addition to the requirements of Rules 26 and 37, the Court's published policies and procedures regarding case management[2] make clear that discovery matters, including the identification of trial witnesses are subject to the Court's scheduling orders.  Per the Court's policies, the discovery deadlines set forth in the Court's scheduling order may be altered with the consent of all parties.  Here, of course, Pac-West has not consented to add new witnesses months after the close of discovery.  Moreover, the Court's policies make clear that the purpose of a final pretrial conference is to resolve last-minute issues related to trial scheduling and outstanding dispositive motions, not to wind back the discovery clock or add new issues on the eve of trial.

### DISCUSSION

Pac-West moves to exclude all three of AFAB's late-disclosed witnesses—Lee Negri, Amy Mills, and Richard Harris.  At oral argument, however, AFAB represented that it would not call Mr. Harris as a witness, mooting this portion of Pac-West's motion.  The Court thus considers only whether to exclude Mr. Negri and Ms. Mills.  For the following reasons, the Court finds that neither was "otherwise made known" during discovery and that each should be excluded under Rule 37.

---

[2] *Available at* http://www.paed.uscourts.gov/documents/procedures/prapol2.pdf.

## I.    Rule 26

### a.  Lee Negri

Mr. Negri is an operations manager with MSNV, Inc., one of AFAB's distributors.  Mr. Negri was not formally disclosed, but AFAB asserts that he was repeatedly referenced in Plaintiffs' own document production.  A review of the discovery record, however, reveals only attenuated references to Mr. Negri, none of which was realistically sufficient to put Pac-West on notice that he might be called to testify as a trial witness.

First, AFAB points to a cease-and-desist letter sent by Pac-West in 2015—four years before this action was filed—that mentioned Mr. Negri among various other infringers.  But a single mention of an individual in a single document, created well before the dispute at hand arose, does not satisfy the Rule 26 standard.  *Cf. Syngenta*, 2017 WL 3309699, at *3.  This is particularly so here, where Mr. Negri's name is but one of several individuals mentioned in the early letter.

Second, AFAB notes that Pac-West served a discovery subpoena on MSNV Inc.  If this subpoena had been directed at Mr. Negri, then as in *Pickens* Pac-West might have had reason to know that he might be called as a witness.  *See* 2013 WL 12331535, at *2 n.1.  This subpoena, however, does not mention Mr. Negri by name and was in fact directed to a Mr. Scott Taylor, whom Pac-West understood to be the owner and CEO of the company.  Simply put, the fact that Pac-West subpoenaed one other officer at MSNV, Inc. did not put them on notice that any other officers could be called as trial witnesses.

Third, AFAB points to Pac-West's pretrial memorandum, which lists an unidentified "corporate designee" of MSNV Inc., Mr. Negri's employer, as a potential damages witness.  But Rule 26 requires disclosure of specific "individuals," not unnamed "corporate designees."  Fed. R. Civ. P. 26(a)(1)(A)(i).  And with good reason—there may be any number of individuals who might

act as a corporate designee, and a party is not required to prepare for any and all of them to be called as trial witnesses.

In sum, Mr. Negri was neither appropriately disclosed nor otherwise made known under Rule 26.

### b. Amy Mills

Amy Mills is an officer with E&A Video and Magazine, Inc., another of AFAB's distributors. AFAB again asserts that, though Ms. Mills was never formally disclosed, her name was referenced multiple times during discovery. Again, however, these passing and attenuated references do not satisfy Rule 26's standard.

First, AFAB observes that, during the 2016 lawsuit, Pac-West subpoenaed and deposed Ms. Mills. But that was a different case involving different marks, and the deposition was carried out by a different legal team. The mere fact that Pac-West believed that Ms. Mills had relevant information and might be called as a trial witness in different litigation is immaterial to whether Pac-West was on notice as to her being called as a trial witness in *this* litigation.

Second, AFAB points to a one-page document, out of thousands of pages of discovery, that mentions Ms. Mills, along with Mr. Farr's deposition testimony in which he lists Ms. Mills as one of several owners of AFAB's various distributors. As above, however, a stray mention in a single document or a deposition is insufficient to signal that a witness may be called to testify, particularly where the mention is as part of a longer list of names. *See Ty, Inc. v. Publications, Int'l, Inc.*, No. 99-5565, 2004 WL 421984, at *4 (N.D. Ill. Feb. 17, 2004) ("However, merely because the names of these witnesses appeared, among hundreds of other names, somewhere in the thousands of pages of documents produced .... does not mean that [the plaintiff] should have anticipated that [the defendant] would call these individuals as trial witnesses and deposed them accordingly.").

Third, Pac-West filed a discovery subpoena on E&A. But while serving a subpoena on an *individual* may place a party on notice that they might be called as a witness, *see Pickens,* 2013 WL 12331535, at *2 n.1, serving a subpoena on a *corporation* does not put a party on notice as to any and all officers and employees as possible trial witnesses.

In sum, these mentions of Ms. Mills also do not satisfy the Rule 26 standard.

## II.     Rule 37

Because AFAB was required to disclose Mr. Negri and Ms. Mills and failed to do so, it is "not allowed to use" them at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  AFAB does not argue that its failure to disclose these witnesses was justified.  Indeed, it is hardly conceivable that such an obviously deliberate design could be called "justified" with a straight face by even the most inexperienced litigation lawyer.  Therefore, the Court turns to whether the failure is harmless.

The Court finds that allowing these new witnesses to testify would significantly prejudice Pac-West.  Discovery in this case has been closed for some time, and for Pac-West to be able to respond to these witnesses it would need to recall witnesses who have already been deposed, respond to a host of new issues raised by AFAB attributed the late-disclosed witnesses, reopen fact and expert discovery, and amend its pleadings and arguments accordingly.  Beyond the cost and inconvenience, however, lies a more fundamental prejudice.  From the start, Pac-West has crafted its arguments and trial strategy based, in part, on AFAB's disclosures, and it likely would have prepared differently had these new witnesses been disclosed from the start.  Those years of preparation cannot be re-done now, on the eve of trial, without putting Pac-West at the precise disadvantage that Rule 26 is designed to guard against.  The Court also finds that allowing these new witnesses to testify would seriously disrupt trial, which has already been delayed once and

which is now scheduled for this summer. Nothing in the Court's tailored case management orders would undermine the impact of the Rules.

For these reasons, the Court finds that the failure to disclose these witnesses was neither justified nor harmless and so exercises its discretion to preclude them from being used at trial.

## CONCLUSION

For the foregoing reasons, the Court grants Pac-West's motion to exclude Mr. Negri and Ms. Mills from testifying at trial. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

9