IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAC-WEST DISTRIBUTING NV LLC, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| AFAB INDUSTRIAL SERVICES, INC., et al., *Defendants* | : : : | No. 19-3584 |

**MEMORANDUM**

PRATTER, J.                                                                           JUNE *13*, 2023

Pac-West Distributing NV LLC brought this action against AFAB Industrial Services, Inc., and Everett Farr, III,[1] alleging, *inter alia*, infringement of various trademarks and trade dresses for cleaning products marketed and sold by Pac-West. AFAB brought several counterclaims, including that the marks at issue should be either cancelled or deemed abandoned because—according to AFAB—Pac-West had used those marked in violation of federal law.[2] AFAB's arguments depended on this Court's adoption of the so-called "unlawful use doctrine." This doctrine, regularly applied by the United States Patent and Trademark Office, provides that trademark protections may only be conferred upon marks which have been used lawfully in commerce. On May 23, 2023, this Court granted summary judgment in favor of Pac-West on this issue, declining to adopt the unlawful use doctrine.

AFAB then timely moved for certification of an interlocutory appeal from this non-final order under 28 U.S.C. § 1292(b).

---

[1] The Court refers to the defendants collectively as "AFAB."

[2] Specifically, AFAB contends that Pac-West's products are sold in violation of 15 U.S.C. §§ 2057a and 2057b, which prohibit the sale of products containing butyl and alkyl nitrites unless sold for approved purposes.

1

## DISCUSSION

Generally speaking, the federal courts are not in the business of piecemeal appeals, preferring instead to resolve all appealable issues in one fell swoop once a final order has been entered. *See, e.g., Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). That said, in extraordinary circumstances, a district court may certify a non-final order for interlocutory appeal where: (1) the order "involves a controlling question of law;" (2) "there is substantial ground for difference of opinion" on that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The burden is on the moving party to demonstrate that each requirement is satisfied." *Isbell v. Bellino*, 962 F. Supp. 2d 738, 759 (M.D. Pa. 2013). Even if each of the requirements is satisfied, the Court may exercise its discretion to decide whether to certify the order. *Id.*

Here, there is no doubt that the first two requirements are satisfied. This Court's rejection of the unlawful use doctrine is dispositive of the counterclaims at issue, and courts are divided as to whether to adopt the doctrine, signaling an ongoing difference of opinion. *Compare CreAgri, Inc. v. USANA Health Scis. Inc.*, 474 F.3d 626, 630 (9th Cir. 2007) ("[O]nly lawful use in commerce can give rise to trademark priority."), *and United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1225 (10th Cir. 2000) (holding that the Lanham Act protects marks "lawfully used in commerce"), *with FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1087–88 (11th Cir. 2016) (declining to adopt the doctrine), *Perry v. H.J. Heinz Co. Brands, L.L.C.*, 994 F.3d 466, 475 (5th Cir. 2021) (same), *Breeze Smoke LLC v. Yatin Enters. Inc.*, No. 22-cv-1182, 2023 WL 3070893, at *4, *6 (W.D. Mich. Apr. 25, 2023) (same), *Moke Am. LLC v. Am. Custom Golf Cars, Inc.*, No. 20-cv-400, 2022 WL 17477062, at *6–*7 (E.D. Va. Dec. 6, 2022) (same),

*Hi-Tech Pharms. Inc. v. Dynamic Sports Nutrition, LLC*, No. 16-cv-949, 2020 WL 10728951, at *6–*8 (N.D. Ga. Jan. 10, 2020) (same).

The question remains, however, whether certifying this question for interlocutory appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In the typical case, an interlocutory appeal is understood to materially advance a case where it has the potential to eliminate one or more claims, simplify the issues at trial, or allow for a speedier trial. *See* 9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3930 n.39 (3d ed. 2023) (collecting cases). In contrast, where an interlocutory appeal would *delay* trial, or where the request is made very close to a planned trial date, such an appeal is unlikely to materially advance the litigation. *See id.* nn.47 & 48 (collecting cases).

AFAB asserts that certifying an interlocutory appeal here has the potential to advance the claim because "if the Third Circuit were to adopt the Doctrine, then all substantive claims made by [Pac-West]—i.e., trademark and trade dress infringement—would fail as a matter of law," leading to either a much simpler trial or a swift settlement. Def.'s Mot. to Certify Order for Interlocutory Appeal at 5. But adopting the unlawful use doctrine would not equate to instant success on AFAB's counterclaims. Several key hurdles would still stand between a favorable decision by the Third Circuit Court of Appeals and any resolution of AFAB's counterclaims.

Courts that have adopted the unlawful use doctrine have typically also followed the precedents of the USPTO's Trademark Trial and Appeal Board ("TTAB"). *See, e.g., Dessert Beauty, Inc. v. Fox*, 617 F. Supp. 2d 185, 190 (S.D.N.Y. 2007); *Erva Pharms., Inc. v. Am. Cyanamid Co.*, 755 F. Supp. 36, 40 (D.P.R. 1991). Under those precedents, an unlawful use will only be found where (1) noncompliance has previously been determined by a court of government agency having competent jurisdiction under the statute involved, or (2) where there has been a *per*

3

*se* violation of a statute regulating the sale of a party's goods. *See, e.g., Satinine Societa in Nome Collettivo di S.A. e. M. Usellini v. P.A.B. Produits et Appareils de Beaute*, 209 U.S.P.Q. 958, 1981 WL 48126, at *6 (T.T.A.B. 1981). AFAB would bear the burden to establish that either prong applies by clear and convincing evidence. *See Herstal*, 838 F.3d at 1087 (citing *Satinine Societa*, 1981 WL 48126, at *7).

Each of these prongs poses a hurdle that AFAB and this Court would need to clear before the litigation could be materially advanced. On the first prong, AFAB contends that in 2015 the Consumer Product Safety Commission ("CPSC") issued a Notice of Violation stating that two of Pac-West's products violated 15 U.S.C. § 2057b. Doc. No. 148 at ECF 4; Doc. No. 151. But whether any such notice constitutes an adjudication of noncompliance on the merits, and whether the CPSC is authorized under § 2057b to make such an adjudication are both issues that would need to be resolved before there could be any finding of unlawful use.

As to the second prong, under the TTAB's precedents, a *per se* violation occurs only where the relevant law contains no exceptions, such as with a labeling violation, *see, e.g., Satinine Societa*, 1981 WL 48126, at *6, or where a law does not contemplate any lawful uses, such as with the sale of marijuana, which remains unlawful for all purposes under federal law. *See, e.g., In re Morgan Brown*, 119 U.S.P.Q.2d 1350, 2016 WL 4140917, at *3 (T.T.A.B. 2016); *Kiva Health Brands LLC v. Kiva Brands, Inc.*, 402 F. Supp. 3d 877, 889 (N.D. Cal. 2019).

Here, in contrast, §§ 2057a and 2057b provide that products containing butyl and alkyl nitrites may be lawfully manufactured and sold for "any commercial purpose other than for the production of consumer products . . . that may be used for inhaling or otherwise introducing [butyl or alkyl nitrite] into the human body for euphoric or physical effects." 15 U.S.C. §§ 2057a(b)–(c), 2057b(b)–(c). AFAB argues that Pac-West's products cannot fall within this exception as a matter

4

of law because all of its products "may" be inhaled by consumers. Pac-West pushes back against this reading as overbroad. Before this court could find any *per se* violation, it would need to resolve this dispute and interpret the statutory language.

But even if AFAB could clear the prior adjudication or *per se* violation hurdles, its work would still not be done. This is because the TTAB's unlawful use precedents also require that any violation of law must also be "material," or, in other words, it must be of "such gravity and significance that the usage must be considered unlawful—so tainted that, as a matter of law, it could create no trademark rights." *Gen. Mills, Inc. v. Health Valley Foods*, 24 U.S.P.Q.2d 1270, 1992 WL 296518, at *3 (T.T.A.B. 1992). Under the TTAB's guidance, in deciding the gravity and significance of any violation, "a case by case determination is preferable to a blanket policy of finding every possible technical violation to result in cancellation of a registration, no matter how minor or harmless the violation may be." *Id.*, 1992 WL 296518, at *4. So, the Court would need to determine the materiality before it could resolve AFAB's counterclaims, in particular, whether Pac-West's inclusion of clear warnings against inhalation on their products make any alleged violations immaterial.

Finally, for a trademark to be cancelled under the unlawful use doctrine, there must be "some nexus between the use of the mark and the alleged violation." *Id.* at *4. The nexus requirement ensures that the violation have some "material effect" on the actual use of the trademark. *See, e.g., Nirve Sports, Ltd. v. Jason G. Hilbert*, 2013 WL 11247176, at *2 n.5 (T.T.A.B. Mar. 20, 2013). Whether such a nexus exists would depend on both the violation and the use of Pac-West's marks. If, for example, Pac-West were found to have used its marks to willfully sell butyl and alkyl nitrite as an inhalant, that might well constitute a clearer nexus than if Pac-West were found to have sold its products solely as cleaning products.

5

## CONCLUSION

The Court does not opine on the merits of any of these issues except to note their complexity. If the Third Circuit were to adopt the unlawful use requirement, each of these issues would need to be briefed and argued, with evidence, before AFAB's counterclaims could be resolved—to say nothing of the potential for future appeals every step of the way. Thus, the Court is unpersuaded that certifying an interlocutory appeal would materially advance the litigation in the manner AFAB suggests and so denies AFAB's motion for certification. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE